**Electronically Filed
Supreme Court
SCPW-15-0000101
25-MAR-2015
10:15 AM**

SCPW-15-0000101

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

JONATHAN PAUL BALDWIN; LYNN ANN LINDELL BALDWIN; and MOANA PROPERTY LLC, Petitioners,

vs.

THE HONORABLE RHONDA I.L. LOO, JUDGE OF THE CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAIʻI, Respondent Judge,

and

WELLS FARGO BANK, N.A., AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE HARBOR VIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-12; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., SOLELY AS NOMINEE FOR COUNTRYWIDE BANK, N.A.; DANE S. FIELD, BANKRUPTCY TRUSTEE OF THE MORTGAGE STORES, INC.; and MOANA ESTATES HOMEOWNERS ASSOCIATION, Respondents.

---

ORIGINAL PROCEEDING
(Civil No. 13-1-0907(1))

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of Petitioners Jonathan Paul Baldwin, Lynn Ann Lindell Baldwin, and Moana Property LLC's petition for a writ of mandamus, filed on February 27, 2015, the documents attached thereto and submitted in support thereof, and the record, it appears that Petitioners fail to demonstrate that they have a clear and indisputable right to relief or that they

lack alternative means to seek relief.  Petitioners further fail to demonstrate that the Respondent Judge exceeded her jurisdiction, committed a flagrant and manifest abuse of discretion, or refused to act on a subject properly before the court under circumstances in which she has a legal duty to act. Petitioners, therefore, are not entitled to a writ of mandamus. See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); Honolulu Advertiser, Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of mandamus is not intended to supersede the legal discretionary authority of the trial courts, cure a mere legal error, or serve as a legal remedy in lieu of normal appellate procedure; rather, it is meant to restrain a judge of an inferior court who has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, March 25, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

